UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURAL PLANT PRODUCTS, LLC, | No. 2:24-cv-00580 AC |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CALOY COMPANY, LP, | |
| Defendant. | |

This case was filed on February 26, 2024, ECF No. 1, and has been assigned to the Magistrate Judge under the court's automated case assignment plan. See Local Rules, Appendix A, subsection (m). Pursuant to the Local Rule and the Civil Case Documents issued in this case (ECF No. 4), the parties were required to return the "CONSENT / DECLINE OF U.S. MAGISTRATE JUDGE JURISDICTION" form to the Clerk within 90 days from the date the action was filed, or within 14 days of removal from state court. See ECF No. 4 at 2. The parties were cautioned that "[f]ailure to do so may result in the court vacating a hearing or declining to resolve the motion until all consent designations have been submitted." Id.

On May 30, 2024, the undersigned issued an Order to Show Cause to plaintiff, noting that because this action was filed initially in federal court, the parties' consent/decline forms were due on May 27, 2024, and no forms had been filed. ECF No. 10. Plaintiff was given 14 days to file the form or show good cause as to why it had not been filed, and was cautioned that failure to file

1  the form or show good cause may result in sanctions.  There was no response to the Order to
2  Show Cause.
3      Concerned that the plaintiff had abandoned this case, and out of an abundance of caution,
4  the undersigned issued a second Order to Show Cause on June 14, 2024.  ECF No. 11.  The court
5  gave plaintiff 7 days to respond in writing, showing why its failure to respond to the first order to
6  show cause should not result in a recommendation that this case be dismissed for failure to
7  prosecute.  Id. at 2.  The court notified plaintiff that filing the consent/decline form within this
8  timeframe would discharge the order.  Plaintiff, which is represented by counsel, was expressly
9  cautioned that if it failed to respond, the undersigned would direct the Clerk of Court to assign a
10 District Judge to this case and recommend dismissal pursuant to Local Civil Rule 110.  Id.
11 Plaintiff did not respond or make any filing.  It is apparent to the undersigned that plaintiff has
12 abandoned this case, and that dismissal for failure to prosecute is necessary.
13     In recommending this action be dismissed for failure to prosecute, the court has
14 considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to
15 manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring
16 disposition of cases on their merits; and (5) the availability of less drastic alternatives."  Ferdik v.
17 Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (citation omitted).  Because this case cannot
18 move forward without plaintiff's participation and plaintiff has refused to participate despite two
19 warnings, the court finds the balance of factors weighs in favor of dismissal.
20     The Clerk of Court is hereby DIRECTED to assign a District Judge to this case.  Further,
21 IT IS HEREBY RECOMMENDED that this action be dismissed, without prejudice, for lack of
22 prosecution and for failure to comply with the court's order.  See Fed. R. Civ. P. 41(b); Local
23 Rule 110.
24     These findings and recommendations are submitted to the United States District Judge
25 assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one (21)
26 days after being served with these findings and recommendations, plaintiff may file written
27 objections with the court.  Such document should be captioned "Objections to Magistrate Judge's
28 Findings and Recommendations."  Local Rule 304(d).  Plaintiff is advised that failure to file

1  objections within the specified time may waive the right to appeal the District Court's order.
2  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: June 24, 2024

                                    _____
                                    ALLISON CLAIRE
                                    UNITED STATES MAGISTRATE JUDGE